The first case today is number 25-1009, United States v. Danielle McBrearity. At this time, would counsel for the appellant please come to the podium and introduce himself on the record to begin. Thanks, Dan. Before you start, I just want to make sure. Judge Litz, can you hear us okay? Yes, good morning. Okay, good morning. Great. Go ahead. Thank you, and good morning. May it please the Court. My name is Tyler Smith for the appellant, Danielle McBrearity. At this time, I'd like to request to reserve one minute for rebuttal. You may. Thank you, Your Honor. The district court held Ms. McBrearity in criminal contempt on the premise that the immunity she was afforded under the immunity statute was coextensive with her Fifth Amendment privilege. That conclusion was mistaken on the facts of this case because Section 6002, the immunity for prosecution for perjury, leaving Ms. McBrearity at a risk that the government would conclude Can I ask you, is the concern of your client that she's going to be prosecuted for perjury for what she says when she testifies, or is she going to be prosecuted for perjury based on what she says when she testifies for what she had earlier said? Both issues were raised in the trial court, but the one that I am pressing here is only the concern of prosecution for perjury based on what is said at the actual Corbett trial. I think the earlier statements, the case law is relatively clear that she would have immunity for those. And that would only happen as if she lied when she testifies now, right? I disagree, Your Honor. That would only No, no. I know that you'll think she's being prosecuted for telling the truth, but the charge will be that she's being prosecuted for lying, right? Well, if there is probable cause to believe that she is testifying untruthfully, that is what she could be prosecuted for. And we only find out if the testimony is false if she gets prosecuted using her statements at the trial, which is, of course, what the Fifth Amendment is designed to protect against. Isn't that true of everyone who testifies? They're in that position? They are to some extent, and that's where we get into the issue of whether the privilege was effectively claimed in this case, which the trial court didn't seem to question the effectiveness of Ms. McBriarty's claim of a Fifth Amendment privilege. Rather, it made the categorical conclusion that the privilege was coextensive with the immunity provided under the statute, which is oftentimes, most times, the case. But on this specific situation, it is not, because counsel observed the possibility that the government would use Ms. McBriarty's prior statements in proffer sessions, grand jury testimony, et cetera, and reach a conclusion that something that she said in those sessions may be inconsistent with something that she says on the stand. I would suggest that the trial court probably could have had it elected to do so delved in with some more specific questions of counsel and of Ms. McBriarty regarding specific questions that the government may have put to her. But the way that it was resolved below is it was essentially a categorical conclusion. And that's consistent with the way that this Court has looked at the Fifth Amendment privilege with some of the language that's been used. It's referred to a reasonable possibility of prosecution. It's used the term potentially incriminating. In Castro, the Court observed that the burden for raising a Fifth Amendment claim is not a particularly onerous one. So when we have the district court having, as far as I can tell, appearing to accept that she was making a valid Fifth Amendment claim, then we get to the issue of whether the immunity was, in fact, coextensive. And that's where the distinction with Castigar comes into play, because Castigar did appear to say that categorically they are coextensive. But Castigar was talking about criminal liability for the underlying subject matter of the testimony. It was not talking about criminal liability from the act of testifying itself. And that also gets into the distinction with Greentree and some of the other Court of Appeals cases that were discussed, because those cases all seem to be discussing the situation of inconsistent declaration prosecutions under the perjury statute, Section 1623. Do I correctly understand that your argument would apply in every single case in which an order was issued to compel testimony pursuant to the statutory section? It would always be true under the statute that you could be prosecuted for perjury committed in testifying pursuant to the order. And that would get into the issue of whether the Fifth Amendment claim was sufficiently presented, because although it can be raised quite broadly, the Supreme Court and this Court both— Well, but if you have no Fifth Amendment claim, you don't even need to get to the order. And I agree, and I think that is the check on Your Honor's concern, is that while the Fifth Amendment can be claimed in many circumstances based on a reasonable fear of prosecution, this Court and the Supreme Court have both acknowledged that it can't be an imagined or fanciful claim of it. So— Can you give an example of where an order could be issued pursuant to the statute and it not have the infirmity that you're complaining of here? Well, I think in the wide run of cases, Your Honor, it would not have the infirmity that we're discussing here. Give me an example. An example just simply that somebody takes the stand and they say, I don't think that the government's going to believe my testimony. That would be an example of simply a blanket assertion of a theoretical claim that they could be prosecuted with no real substance to it. Here, defense counsel did raise that there were the prior statements that had been given to law enforcement. He posited that if any of those statements were— So is the idea that—just help me understand—I understand the fact that this comes up in the context of perjury may be—if I'm grasping what you're saying, you're saying that's almost confounding the way we're thinking about it. That what you're saying is there's going to be very specific questions asked of your client. And in the context of this case, given what she had previously said, answering those questions if she has to, just the risk of that being incriminating is so high that she shouldn't have to testify. So you're saying this case is like—am I right in saying this? It's as if, forget perjury being the charge, the charge is bank robbery, and they're going to ask her very specific questions about her role in connection with the bank robbery. And there's just no way she could answer those questions without it being potentially incriminating. That would be a pretty standard case in which you would say, I still have a Fifth Amendment privilege. The immunity doesn't take care of that if that's what you're going to be asking me about, unless you say I'm immune from any charge for bank robbery. Is that the basic idea? That's a fair way of putting it, Your Honor. So let's say that's right. What is it, then, about this case beyond your client's just supposition that the inconsistencies that would arise from her testifying truthfully would result in her being prosecuted for perjury? What reason do we have to think that's going to happen? Right. And that is really, I think, Your Honor's question cuts to really the biggest challenge with this case. And what we have is the district court did appear to credit the claim of the Fifth Amendment privilege. I think the district court, had it elected to do so, could have engaged in a more specific inquiry in terms of not allowing Ms. McBrayer to simply make a blanket assertion and to require her to assert the privilege as to specific topic areas, and then press counsel on whether that specific question would raise the concerns that he had articulated. Okay. So let's say that's true, but you're appealing. You lost below on this one. So you kind of have the burden of showing that there was something more specific that had to happen, I think, right? Well, she has been found criminally guilty of contempt. So to prove that beyond a reasonable doubt, there needs to be proof that the order for her to testify was, in fact, a lawful one. So what we do have to... But in order for that to be the case, you have to show there was more than just supposition that answering the questions would put her in jeopardy. You say, well, they didn't do the right inquiry for that. But doesn't that just restate the question of, yeah, but did you show enough for them to have to do more of an inquiry? So what showing did you make about why more than that categorical judgment had to be made? Well, the showing below is based on her pointing to the fact of... May I finish the question?  Thank you, Your Honor. The showing below went to counsel's general reference to the fact there were prior statements that the government would find out if there were any falsities and also the fact that the district court did appear to credit the claim of the Fifth Amendment privilege and instead proceeded to the next step of whether that claim was coextensive with immunity. Judge Linz, did you have anything you wanted to add? Yes. Counsel, you seem to concede that the grant of immunity would protect her for any number of statements, you know, provided she answered truthfully. So isn't it up to you? This is like Judge Barron's question because she does want a grant of immunity and it's effective in many, many of the questions she's going to be asked. Wasn't it up to you, to your client and prior counsel, to point out areas where a hypothetical problem would look to be a very real problem? In general, I would agree with that and I would also agree that that is an inquiry that the trial court could have and the reason that... I'm sorry, you are just repeating what you said before. You are putting the onus on the trial court to go through a sort of cross-examination of your client as to what she is likely to testify to under the grant of immunity. But it is your client who actually is the better source of information about that. She knows the prior statements. It doesn't seem to me that you could run a system putting that burden on the trial judge. And I agree that burden does not generally need to be on the trial judge and the reason that didn't happen here based on my reading of the record is there didn't seem to be any question from either the government or from the bench concerning whether Ms. McBriarty had validly claimed the privilege. The only issue that was really being addressed in the colloquy was whether the privilege was co-extensive. But she had validly claimed the privilege at least as to a large portion of her testimony. I'm sorry, Judge Lynch, I didn't... I thought you had conceded that as to many of the questions that she would be asked, that she had a valid claim of Fifth Amendment immunity. I do agree for past acts and for any prior false statements, absolutely. How is she... I'm not sure I even understand here how she's being compelled... The Fifth Amendment doesn't protect you from being compelled to testify. It protects you from being compelled to be a witness against yourself. How does this order here compel her to be a witness against herself? Well, the district court ordered her to answer questions that were posed to her. And the argument that we've made is by answering those questions, she's creating evidence that could be used against her in a perjury prosecution. And therefore, she's given immunity so that her testimony can't be used against her. Well, her statements... But like any witness, if she lies, she's exposed to potential... Right, but the Fifth Amendment is protection against prosecution. The only way that is determined if her testimony is true or untrue... Suppose the district court here said she does not have a valid claim of privilege. And the reason the district court said that was along the lines of the reasons Justice Cuyata is giving. It's nonsensical to say you have a valid claim of privilege when the privilege you're claiming is based on the fact that you might be deemed to be lying now. Suppose the district court had said that. I think at that point, it would have been incumbent on Ms. McBrarity's counsel to assert the privilege as to specific questions and explain with specificity... So the reason you think your appeal has force is because the district court essentially ruled in your favor on that predicate issue. And once that's part of the record, then we're stuck with it. And you have to do the analysis that follows whenever that initial predicate determination has been made. And then you say that just wasn't followed here. That's the basic idea. I think that's a fair way of putting it, Your Honor. But you don't have any affirmative argument about why you should win on the predicate issue. It is generalized because, again, what was in the record was... Can you think of any... Is there any logic to why you would win on the predicate issue? Well, I think the counsel certainly could have been required to put more. I think the trial judge would have been within her rights to say that, I think this claim is too speculative. I need more for me to rule in your favor on that issue. That seems like an argument for why you would lose on the predicate issue. Is there any logic by which you could win on the predicate issue? Well, that would have required additional fact-finding below. That wasn't me. There would have had to have been a reason for counsel to go into more specifics. If Ms. McBrarity was asked about a specific event, he would have to proffer something along the lines of that there may be... Let's say you're right and the district court erred in your favor. But we can't think of any good reason why it should have done so. It seems to be the way you're presenting the argument to us. What do you think should happen? Well, in this case, I think the conviction should be reversed because we have the... Because she has been found criminally in contempt and it is not established beyond a reasonable doubt that she disobeyed a lawful order for the court because of the record. And would the district court be free on remand to say, I see, I shouldn't have put it the way I did? Someone was reading my order more closely than I expected. There is no valid claim of privilege here. So you're in contempt because despite having no valid claim of privilege, you refuse to speak. Would that then be permissible for the district court to do on remand? Or is that ship sailed in your view? And why would we have to conclude that? I think at this point, it would be difficult for the trial court to undertake that in the context of the Corbett trial with the questions that were going to be put forward to her. I can understand why the district judge did it the way she did, because I think her conclusion was more categorical that under Castigar, the privilege is coextensive with the immunity. And I can understand why she approached it the way she did. But I think from where we stand today, if there was a remand, I don't think the trial court would have any real ability to undertake the inquiry Your Honor referenced. Thank you. Thank you. Thank you, counsel. At this time, would counsel for the government please introduce himself on the record to begin? Good morning. May it please the court. Brian Klein, board on behalf of the United States. Your honors, in this case, all roads lead back to the well-established principle that a witness who testifies truthfully under a grant of immunity cannot be prosecuted for perjury or making a false statement. The cases universally hold this and there is not a single case, certainly not one cited by the appellant that supports the argument advanced in this case. For these reasons, the appellant's refusal to testify, notwithstanding the grant of immunity and in defiance of the court's order, constituted contempt of court and the district court properly found appellant in contempt and there is no basis for reversal. The cases that support the government's position are set forth in the briefs. Again, they universally support the proposition that ... Could you address, if I'm understanding what your opponent's arguing is that there's two steps. Do you have a valid claim of privilege and then would it be threatened here? And I take it the way he's reading the contempt findings was that he won on the first ground and lost on the second. Is that how you read the contempt finding? No, your honor. I think the district court acted properly in making the determination that the appellant was asserting her Fifth Amendment privilege and that there was a lawful basis to do that. And then that the government had established reasonable grounds for immunity and for granting- What was the basis for thinking she had a reasonable ground for asserting? The witness was refusing to answer all questions posed to her. What was the reasonable basis for doing that? She believed that the questions might incriminate her. Why was that reasonable? They're not arguing that that was ... The argument on appeal is not that that was an unreasonable ... Right. What I'm saying is the district court seemed to think that was a reasonable assertion. If it was, your opponent's saying then there's an analysis that has to follow that wasn't undertaken. Well, that would have been their burden to make a record establishing that. If there was some record that had to be made after that, it was their burden to establish that and it wasn't made. And there's no basis on appeal to find that the district court erred in some fashion. And they haven't argued that. There's no argument on appeal that the only ... It's a pure legal question before the court on appeal is whether, as a matter of law, was the privilege in this case, was the immunity commensurate with the Fifth Amendment privilege? And that's the only argument that the appellant has advanced on appeal. And we think the case law, including a case by this court, Sintolo, have answered that question. And they haven't cited a single case that's on point that suggests otherwise. Are there other cases you're familiar with in which a district court found contempt after determining that there was a reasonable basis for the assertion of the privilege when that basis was, they'll think I'm lying when I testify truthfully? Your Honor, I didn't come across ... I think my guess would be normally you would just say that's not a reasonable basis for asserting the privilege, right? I agree, but that's not how this case played out. And again, they're not challenging the district courts. You're not either. No, correct. Why would they challenge it? That's a good question. And I also just want to point out what I think might be a waiver issue, an appellate waiver issue, which is that the argument in the appellant's reply brief and before the court today, I think has transmogrified from what it was in the district court and in the opening brief. I would point to two statements from the record. Judge Barron, your initial question was, are you arguing that the concern was that the government will use past false statements or that they'll use false statements after the grant of immunity? I think it's pretty clear what the appellant defendant was arguing in the district court was that the government would go back and find past misstatements and use those as a basis to charge her with making a false statement, even though her testimony after the grant of immunity might be true. And that's at page 26 and 30 of the joint appendix. Counsel says if she was not truthful in some proffer session, then the government would find out about it here and may be able to use that information she already gave previously. Do you think that was the basis for the district court's finding that there was a reasonable concern about incrimination? I mean, that was the only argument that was made. I see. So then the district court looks more sensible, which is that you're saying, if I testify now, that'll put me in jeopardy based on my past statements. He says, yeah, I can see that. But that's coextensive with the privilege, so no problem. Now you say they've changed it, and they've turned that finding as if it was a finding about if I lied now. That's my reading of the record. So if we agreed with you on that point, then the whole way the district court proceeded is much more sensible. Yes, that's correct, Your Honor. And yes, so again, I think that the case is cited by the government. Answer the question, and unless the court has further questions, I'll rely on the arguments in my brief. Judge Lynch? No, thank you. Thank you, Your Honors. Thank you, counsel. At this time, would counsel for the appellant please reintroduce himself? He has a question. He has one minute rebuttal. Thank you, Tyler Smith, for Ms. McBrarity. Just circling back to the question about case law, I would offer that the closest case in terms of analyzing the issue in the way that I framed it is the In Re Bont case, which was cited, I think, in the appellee's brief and as well as the reply brief out of the Seventh Circuit. And that contains the most analytically similar concern. And what happened in that case was it was a witness who had gone to trial in their own criminal trial and were acquitted. And then they were subpoenaed to testify in another criminal trial regarding a related incident. And they were concerned that if they testify under a grant of immunity, or if they testify that the government would conclude that they were lying and that their original theory of the first case would hold true and they would turn out and prosecute the witness. That case avoided the specific issue that was raised here because the Seventh Circuit held that collateral estoppel would have prevented that prosecution. Could you just suggest the waiver issue that was just raised? Yes. So below trial counsel, I read it as raising both issues, both what the government could do as a result of if it disbelieved what she testified to and as well as her prior statements. I think the force of his argument was on the latter of those two. Is there any reason to think the district court shared your reading? Well, the district court's comments and its certificate of contempt really focused on the coextensiveness issue. Which would be exactly the thing to focus on if it didn't share your reading. Which would be exactly the thing to focus on if it didn't share your reading. No, that's a fair point. Thank you. Thank you, counsel. That concludes argument in this case.